IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RODERRETTE McCLURE | § | |
| v. | § | CIVIL ACTION NO. 6:14cv238 |
| JIM NOBLE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Roderrette McClure, proceeding *pro se*, filed this civil action complaining of alleged deprivations of his constitutional rights by Assistant U.S. Attorney Jim Noble. He contends that Noble breached a previous plea agreement by indicting him on new charges, based on facts known at the time of the signing of the plea agreement. He asks that Noble be required to dismiss the indictment based on specific performance of the plea agreement and for monetary damages. McClure argued that the breach of the plea agreement is a civil matter which was a prerequisite to securing the indictment, and so the blanket immunity against liability lawsuits in criminal proceedings does not apply. He also asserts that he is proceeding under 42 U.S.C. §§ 1983 and 1985, as well as 26 U.S.C. §2674 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and that Noble has no immunity under any of these. McClure added Assistant U.S. Attorney Gregg Marchessault as a defendant in an amended complaint, raising essentially the same allegations.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge concluded that none of the statutes or authorities cited by McClure abrogated the common-law immunities enjoyed by prosecutors and that McClure's lawsuit was barred by the doctrine of absolute prosecutorial immunity. To the extent that McClure

1

seeks to have the indictment dismissed, such relief is properly sought in the criminal case in which the indictment is pending, not a separate civil action against the United States Attorney.

McClure received a copy of this Report on May 28, 2014, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 19) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 7th day of July, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**